

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



JUN 23 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| AUBARY DELANO PYLE, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. B-98-171 |
| VICTORIA COUNTY, TEXAS, ET AL., | § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on June 23, 2000, the Court reviewed the file in this matter.

**I. Application of *Hainze***

In their Amended Joint Pretrial Order, the parties have listed "contested issues of law." Primarily the parties disagree about the application of *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000), to the facts of the case at bar. Defendants contend that *Hainze* simply bars application of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") to "on-the-street responses to reported disturbances." On the other hand, Plaintiff distinguishes the factual circumstances underlying *Hainze* and argues that the holding in *Hainze* is narrowly tailored to the facts in that case. The Court agrees with Plaintiff's interpretation of *Hainze*.

*Hainze* does not create a *per se* rule that the ADA and RA do not apply to arrests. Rather *Hainze* holds that "Title II does not apply to an officer's on-the-street-responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental disabilities, *prior to the officer's securing the scene and ensuring that there is no threat to human life*." 207 F.3d at 801 (emphasis added). The emphasized language makes clear that the ADA does not apply until after the scene is secured and the threat to human life is eliminated. The implication, of the above quoted

1

language and the case law cited in the *Hainze* opinion, is that once the threat to human life is eliminated the ADA does apply.

Defendants argue that in the case at bar the threat to human life was not eliminated until Plaintiff was turned over to the jailers at the Victoria County Jail. As a matter of law, that is not the case. Moreover, as a matter of fact, that is not the case. Officer Daniel admitted that Plaintiff "offered no resistance to being arrested or detained" and "made no threatening gestures, moves, or did anything that could be reasonably interpreted as a threatening act toward" Officer Daniel or any other law enforcement officer. *See* Def. Anthony Daniel's Responses to Plaintiff's Request for Admissions, attached as Exhibit A to Plaintiff's Trial Brief (Dkt. No. 47).

Therefore, *Hainze* does not preclude application of the ADA and RA to arrests once the scene is secured. Defendants have admitted that the scene was secure and that there was no threat to human life at the scene, during transportation, or at the jail. *Hainze* is factually inapposite and not outcome determinative.

## II. Jury instructions

The Court refers counsel for both parties to the Chamber's Civil Procedure Manual Rule 8 B. Proposed jury instructions must be 1) simple and concise; 2) submitted in written format and in WordPerfect® format on 3.5" disc. Moreover, each requested instruction and definition must be 1) separately numbered; 2) presented on a separate sheet of paper; and 3) accompanied by citation of authority upon which counsel rely. Counsel for Plaintiff and Defendants will submit jury instructions complying with this order and the Chamber's Civil Procedure Manual no later than 8:30 a.m. on Monday June 26, 2000.

DONE at Brownsville, Texas, this __23__ day of June 2000.

_____
Hilda G. Tagle
United States District Judge

2