

United States District Court
Southern District of Texas
FILED

JUL 13 2000

Michael N. Milby, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

*4:27p.m.*

| AUBARY DELANO PYLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-171 |
| | § | |
| VICTORIA COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

### Final Jury Instructions

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words,

1

a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

2

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

3

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your presiding juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your presiding juror is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

DONE at Brownsville, Texas, this __12__ day of July 2000.


_____

Hilda G. Tagle
United States District Judge

4

I.

In this case the Plaintiff claims that Victoria County discriminated against the Plaintiff by excluding him from participation in or denying him the benefits of the services, programs, or activities of Victoria County, or by otherwise subjecting him to discrimination because the Plaintiff had a "disability" within the meaning of federal laws known as the Americans with Disabilities Act (the ADA) and the Rehabilitation Act (the RA).

Victoria County denies that it discriminated against the Plaintiff in any way and asserts that it accommodated Plaintiff's disability and communicated effectively.

Under Title 42, United States Code, Section 12132 and Title 29, United States Code, Section 794 (a) , no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by a public entity.

A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense.

The term "auxiliary aids and services" includes qualified interpreters, notetakers, computer-aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments.

5

In order to prevail on this claim the Plaintiff must prove the following facts by a preponderance of the evidence:

*First*: That the Plaintiff was either 1) excluded from participation in or denied the benefits of the services, programs, or activities of, or 2) was subjected to discrimination by Victoria County; and

*Second*: That Victoria County's conduct was intentional.

II.

Under the Texas Human Resources Code, Section 121.003, persons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

The discrimination prohibited by this section includes a refusal to allow a person with a disability to use or be admitted to any public facility, and a failure to make reasonable accommodations in policies, practices, and procedures or provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

"Public facilities" includes a public building maintained by any unit or subdivision of government.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First*: That Victoria County failed to make reasonable accommodations in policies, practices, and procedures or provide auxiliary aids and services;

6

*Second*:  That such failure resulted in denial of Plaintiff's full use and enjoyment of the public facility; and

*Third:*  That Victoria County's conduct was intentional.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

III.

Title II of the ADA applies to facilities like the Victoria County Jail. Title II of the ADA does not apply to an officer's on-the-street responses to reported disturbances or other similar incidents prior to the officer's securing the scene and ensuring that there is no threat to human life.  Once the area is secure and there is no threat to human safety, the Victoria County Sheriff's deputies would be under a duty to reasonably accommodate Plaintiff's disability.

IV.

In order for Plaintiff to succeed in his claim that he was denied benefits or otherwise discriminated against, he must show that Victoria County's conduct was intentional. In order for Victoria County's conduct to be intentional, the Plaintiff must show that Victoria County policy makers were deliberately indifferent to the strong likelihood that their actions or inactions were violating the Plaintiff's rights under the ADA. To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. Mere negligence does not constitute deliberate indifference.

V.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Victoria County was a cause-in-fact of the damage the Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the

7

evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Victoria County was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

VI.

If the Plaintiff has proven his claim against Victoria County by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether Victoria County is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Victoria County is liable and that the Plaintiff is entitled to recover money from Victoria County.

VII.

If you find that Victoria County is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and

8

000064

no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Victoria County. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

If you find for the Plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

VIII.

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, mental anguish, and loss of capacity for enjoyment of life that the Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and

9

suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

## IX.

You may award damages for aggravation of an existing physical defect resulting from physical injury to the Plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.

## X.

You may award damages for the reasonable cost of medical treatment, counseling or other related costs that the Plaintiff will require because of his injuries which were caused by Victoria County's wrongful conduct.

10

Question No. 1

Was the Plaintiff, by reason of his disability, excluded from participation in or denied the benefits of the services, programs, or activities of, or otherwise subjected to discrimination by Victoria County?

Answer Yes or No    Yes

If you answered Yes to Question 1, answer Question 2. If you answer No to Question 1, answer Question 4.

11

## Question No. 2

Was Victoria County's conduct that you found in Question 1 intentional?

Answer Yes or No    Yes

If you answered Yes to Question 2, answer Question 3. If you answer No to Question 2 answer Question 4.

12

Question No. 3

Did Victoria County's exclusion, denial or discrimination proximately cause any damage
to Plaintiff?

Answer Yes or No _____Yes_____

13

Question No. 4

Did Victoria County fail to make reasonable accommodations in policies, practices, and procedures or provide auxiliary aids and services which resulted in denial of Plaintiff's full use and enjoyment of the public facility?

Answer Yes or No _____

If you answered Yes to Question 4, answer Question 5.

14

Question No. 5

Was Victoria County's conduct that you found in Question 4 intentional?

Answer Yes or No   _____

15

## Question No. 6

If you answered Yes to Question 3 or 5, answer all subparts of Question No. 6. Otherwise do not answer Question 6.

What amount of money, if any, do you find would reasonably compensate the Plaintiff as a result of Defendant's wrongful conduct:

a) for reasonable cost of medical treatment, counseling or other related costs in the past?
Answer in dollar and cents   $ 15,000.00

16

b) for medical treatment, counseling or other related costs reasonably expected to be incurred in the future?

Answer in dollar and cents     $ 15,000.00

17

c) for pain, suffering and emotional distress sustained by the Plaintiff in the past?

Answer in dollar and cents   $ 100,000.00